IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **REMY AUGUSTIN,** | ) | Civil Action No. 7:13-cv-00112 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CHRISTOPHER ZYCH,** | ) | By:   Hon. Michael F. Urbanski |
|     Respondent. | ) |         United States District Judge |

      Augustin filed a petition for habeas corpus under 28 U.S.C. § 2241 (Docket No. 1). Following initial review, the court conditionally filed this action and advised Augustin that his claims were more appropriately brought as an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and notified him of the court's intention to construe it as a Bivens action. By order entered March 29, 2013, the court granted Augustin 20 days to amend his complaint to correct certain deficiencies. Augustin has responded objecting to the court's intended construction and requesting that his action be considered a petition for habeas corpus pursuant to § 2241. Accordingly, the court will consider it as such.

      Augustin alleges that his rights to due process and free exercise of religion were violated when he was not permitted to participate in the Rastafarian Ceremonial Meal on July 26, 2012. Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his sentence and Augustin's claims regarding the conditions of his confinement cannot be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 484, 499-500 (1973).[1] (federal habeas relief extends to prisoners challenging the fact or duration of

---

[1] To pursue claims regarding the conditions of his confinement, Augustin must file a lawsuit governed by Bivens, 403 U.S. 388 (1971), and pay the $350.00 filing fee.

imprisonment and 42 U.S.C. § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also, Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). Although Augustin seeks to have his judgment vacated, the grounds he alleges are not appropriate for a § 2241 action. Accordingly, this 28 U.S.C. § 2241 action must be dismissed.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

Entered: April 23, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge